# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:10-CR-221-CSC |
| | ) | |
| ROBIN MAURICE WILLIAMS | ) | |

## ORDER

On October 25, 2011, the defendant filed an *Unopposed Motion to Continue Trial* (doc. #20). Upon consideration of the motion, the court concludes that the motion should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F. 2d 1022 (5th Cir. 1978). The court also must consider "whether the

failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

Counsel for Mr. Williams states to the court that due to Mr. Williams deployment to Afghanistan and his recent return to the United States, defense counsel has not had an opportunity to meet with the Mr. Williams to adequately and effectively advise him of the substantial charges against him, develop an appropriate case strategy, and to advise Mr. Williams of the potential penalties. Also, a pre-trial diversion application has been filed on behalf of Mr. Williams. Therefore, additional time is needed to allow the Government and the United States Probation Office to complete its investigation of the request. The Government does not oppose the continuance of trial in this case.

Requiring a trial under these circumstances is not beneficial to the parties or the public. For these reasons, the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and it is

**ORDERED** that the *Motion to Continue Trial* (doc. #20) be and is hereby **GRANTED**. It is further

**ORDERED** as follows:

1. The Jury Selection and Jury Trial presently set for **November 7, 2011** be and is hereby **CONTINUED** to the trial term beginning on **December 5, 2011, in Dothan, Alabama**.

2. That this case be and is hereby set for pretrial conference on **November 14**,

**2011 at 1:00 p.m. in Courtroom 4-B** before the undersigned Magistrate Judge.

Done this 25th day of October, 2011.

                /s/Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE